# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRETT B. STRONG,

    Plaintiff,

vs.

BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK; FIRST HORIZON ASSET SECURITIES, INC.,

    Defendants.

Case No.: 2:13-cv-00656-JAD-GWF

**Order Granting Defendants' Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted (#5)**

## Introduction

In July 2007, Christina Strong and Plaintiff Brett Strong purchased the real property located at 6507 Convito Street, Las Vegas, Nevada 89131 ("the Property"). Doc. 5-2 at 2, 4. Plaintiff financed this purchase through a mortgage loan ("Loan") from First Horizon Home Loans. *Id*. at 1. Under the Deed of Trust, Westminster Title acted as trustee for the Loan, while Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary. *Id*. at 2. On May 10, 2012, MERS assigned the Deed of Trust to Defendant. Doc. 5-3.

On February 21, 2013, Plaintiff recorded an "Affidavit of Fact" against the Property. Doc. 5-4. On February 22, 2013, Plaintiff filed the instant Complaint in Nevada state court (Case No. A-13-677162-C) seeking damages and equitable relief, Doc. 1-1 at 4, which Defendants removed to this Court. Doc. 1. Construed liberally, the complaint alleges that Plaintiff's loan debt was satisfied because his mortgage was pooled and securitized, and he

asserts a claim for intentional misrepresentation. Doc. 1-1. Plaintiff prays for "reconveyance of [the Property] free of levy and lien, and equitable relief of $375,000 plus legal fees." Doc. 1-1 at 5, ¶ 5.

Defendants now move to dismiss the complaint with prejudice for failure to state a claim for relief. Doc. 5.[1] Plaintiff opposes the motion, Doc. 10, and the Defendants filed a reply. Doc. 12. The Court finds this motion appropriate for disposition without oral argument, L.R. 78-2, and now grants the motion in part, with leave to amend.

**Discussion**

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[2]  While Rule 8 does not require detailed factual allegations, the United States Supreme Court clarified in *Ashcroft v. Iqbal*[3] that it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." "Factual allegations must be enough to rise above the speculative level."[4] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[5]

District courts employ a two-step approach when evaluating the sufficiency of a complaint in the face of a motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the

---

[1] Plaintiff was timely provided with the notice required under *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998) (en banc); *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003); and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Doc. 6.

[2] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[4] *Twombly*, 550 U.S. at 555.

[5] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

assumption of truth.[6] Mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient.[7] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[8] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[9] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged-but not shown-that the pleader is entitled to relief" and must be dismissed.[10]

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss."[11] "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment.[12]

**A.    Quiet Title**

Although Plaintiff has not expressly pled a claim for quiet title, courts must construe pro se plaintiff filings liberally,[13] and the court infers that Plaintiff is asserting a quiet title claim based on his prayer for relief, which seeks "reconveyance of [the Property] free of levy and lien"

---

[6]   *Id*. at 1950.

[7]   *Id.* at 1949.

[8]   *Id*. at 1950.

[9]   *Id*. at 1949.

[10]  *Twombly*, 550 U.S. at 570.

[11]  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).

[12]  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

[13]  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

on the allegation that Plaintiff's debt under the Note and Deed of Trust was satisfied as a result of his mortgage loan being pooled and securitized. Doc. 1-1 at 5, ¶¶ 4(2), 4(3), 5. "A quiet title action requests a judicial determination of all adverse claims to disputed property."[14] Under Nevada's statutory scheme, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim."[15] The plaintiff bears the burden of proof in a quiet title action to prove that good title rests in him exclusively.[16] In order to obtain title to the Property "free of levy and lien" as Plaintiff requests, Plaintiff must prove that the Bank's interest has been properly extinguished by payment of the underlying Loan or by operation of law.

Plaintiff's Complaint does not make out a plausible case for either scenario. He fails to allege that he paid off his Loan. Although Plaintiff vaguely suggests in the complaint that the debt was satisfied because the Deed of Trust "was pooled and securitized into [a] securitized trust" and claims to have "documentation verifying satisfaction of said [Deed of] Trust,"[17] these conclusory allegations, without more, are not sufficient to make out a plausible claim that the debt has been satisfied or extinguished by operation of law.[18] Therefore, Plaintiff's demand for conveyance of the Property "free from levy and lien" fails to satisfy Rule 8(a) and must be dismissed.

**B.   Intentional Misrepresentation**

---

[14]   65 Am. Jur 2d., *Quieting Title and Determination of Adverse Claims* § 1.

[15]   Nev. Rev. Stat. § 40.010.

[16]   *See Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996).

[17]   Doc. 1-1 at ¶¶ 4(2), 4(3).

[18]   *Iqbal*, 129 S. Ct. at 1949.

Plaintiff's complaint also appears to state a claim that Defendant misrepresented its ownership of the Deed of Trust. Doc. 1-1 at ¶¶ 4(4) and 4(5). To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance. When claims sound in fraud, they must also satisfy Federal Rule of Civil Procedure 9 and "state with particularity the circumstances constituting fraud."[19] This particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations"[20]—the who, what, when, where, and how details of the conduct that forms the basis for the claim for relief.

Plaintiff's misrepresentation claim fails because it was not pled with the specificity required by Rule 9(b). Plaintiff does not allege who made the fraudulent statements, when the statements were made, or where they were made, and he fails to allege the specific content of the fraudulent statements; his allegations only include broad generalizations. Moreover, he does not identify precisely what reliance he placed on the misrepresentations such that he should be entitled to damages or equitable relief. For example, ¶ 4(4) of the Complaint alleges that Plaintiff "had a justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendant's account of ownership beneficiary through endorsements, assignments, and Notice of Default." Plaintiff makes no factual allegation about who, when, or how Defendant intentionally misrepresented its "account of ownership beneficiary." Instead, he alleges only that he was somehow misled by his reading of documents purporting to assign MERS's beneficial interest in the Loan to the Bank. Plaintiff fails to indicate what specific content within any of those documents constituted false representations, and how they were

---

[19] Fed. R. Civ. P. 9(b).

[20] *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).

false.  Even assuming that Plaintiff justifiably relied on the "truthfulness of ownership and proper assignments," he has not articulated what damages flow from this alleged misconduct.

Moreover, on the basis of the factual allegations in the complaint, it does not appear that Plaintiff could have justifiably relied to his detriment on any alleged misrepresentations in the loan documents.  The Deed of Trust states that it and the Note "could be sold one or more times without prior notice to [Plaintiff]."  Doc. 5-2 at 11, ¶ 20.  Plaintiff signed the Deed of Trust, thereby accepting any subsequent assignment from MERS to a subsequent purchaser of the Note.  *Id*. at 15.

Similarly, it is difficult to determine how Plaintiff could have justifiably relied on any representations made in connection with the Loan's subsequent pooling and securitization.  He was not a party to those subsequent agreements, so no representations could have been made to him.  Even if misrepresentations were made in those agreements, Plaintiff has not shown how those misrepresentations caused him any harm.  Moreover, if he defaulted on his Loan obligations, the beneficiary under the Deed of Trust could exercise its rights to foreclose.  Thus, based on the theories and allegations in the complaint as stated, it does not appear that Plaintiff could have suffered any loss due to any misrepresentation contained in those agreements.

Because Plaintiff has failed to specifically plead facts sufficient to meet Rule 9(b)'s standard, the Court dismisses Plaintiff's intentional misrepresentation claim without prejudice.

**C.     Leave to Amend**

Plaintiff's failure to plead any cognizable claims in the instant complaint, however, may not be fatal to his case.  Rule 15(a) of the Federal Rules of Civil Procedure "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded"[21] and applied with extreme liberality."[22]  In *Foman v. Davis* the United States Supreme Court noted

---

[21]     *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[22]     *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).

that leave should be "freely given" as long as there is no "apparent or declared reason—such as undue delay, bad faith dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," or other cause.[23] "Absent prejudice" to the opposing party or a strong showing of any of the remaining *Foman* factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[24]

This complaint is pro se plaintiff Strong's first attempt at pleading his claims in this case. Although the Court suspects that this action is plaintiff's attempt—using a form-based complaint lacking in meaningful detail— to plead a legal theory that has been repeatedly rejected by courts in this district and others because it lacks merit,[25] Defendants have not demonstrated that they have suffered any prejudice in this case that should bar amendment. And the Court cannot conclude at this early stage that Plaintiff could not offer factual allegations that state a viable claim for relief. Accordingly, the Court dismisses Plaintiff's claims without prejudice and with leave to amend. Plaintiff may attempt to amend his Complaint to include sufficiently detailed factual allegations to support a legally cognizable claim for relief. Plaintiff is cautioned that under Local Rule 15-1 any amended complaint that is filed with the court must be complete in itself without reference to prior filings. Any allegations, parties, or requests for relief from prior papers that are not carried forward and reasserted in the amended complaint no longer will be

---

[23] *Foman,* 371 U.S. at 182.

[24] *Eminence Capital,* 316 F.3d at 1052 ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (emphasis original).

[25] *See, e.g., Maldonado v. U.S. Bank Nat. Ass'n*, 2:13-CV-1292-JCM-NJK, 2014 WL 497026 (D. Nev. Feb. 6, 2014); *Gamboa v. Goldman Sachs & Co.*, 2:13-CV-00282-GMN, 2013 WL 4832721 (D. Nev. Sept. 6, 2013); *Prince v. Loop Capital Markets, LLC*, 2:13-CV-429-RCJ-GWF, 2013 WL 5663092 (D. Nev. Oct. 16, 2013)*; see also In re Almeida*, 417 B.R. 140, 149 n.4 (Bankr. D Mass. 2009); *In re Correia*, 452 B.R. 319, 324-25 (1st Cir. BAP (Mass.) 2011); *Bittinger v. Wells Fargo Bank*, N.A., 744 F. Supp. 2d 619, 625–26 (S.D. Tex. 2010).

before the court and will be deemed abandoned. Plaintiff is further cautioned that his failure or inability to cure the deficiencies identified in this order and to plead sufficient facts (under Rule 8 and Rule 9 as applicable) to state a viable legal claim will result in the dismissal of his claims with prejudice.

**Conclusion**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss **(Doc. 5) is GRANTED IN PART**. Plaintiff's Complaint **(Doc. 1-1) is DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days from the date of entry of this Order within which to file an Amended Complaint that cures the deficiencies identified herein and contains sufficient facts to satisfy the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure as interpreted by *Iqbal* and *Twombly* to state a viable legal cause of action. If Plaintiff fails to file an Amended Complaint by that date, this case will be closed. Plaintiff is cautioned that under Local Rule 15-1 any amended complaint that is filed with the court must be complete in itself without reference to prior filings. Any allegations, parties, or requests for relief from prior papers that are not carried forward and reasserted in the amended complaint no longer will be before the court and will be deemed abandoned. Plaintiff is further cautioned that his failure or inability to cure the deficiencies identified in this order and to plead sufficient facts (under Rule 8 and Rule 9 as applicable) to state a viable legal claim will result in the dismissal of his claims with prejudice.

Dated this 6th Day of March, 2014.

Jennifer A. Dorsey
United States District Judge