UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRETT B. STRONG,

    Plaintiff,

vs.

BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK; FIRST HORIZON ASSET SECURITIES, INC.,

    Defendants.

Case No.: 2:13-cv-00656-JAD-GWF

**Order Denying Joinder of Parties**
**[37]**

       Plaintiff Brett Strong, who is proceeding on a pro se basis, has filed a document entitled "Joinder of Parties." Doc. 37. By this document, plaintiff represents that he seeks to "add Nationstar Mortgage as a Defendant to [his] existing claim against The Bank of New York Mellon" because it has "a role in said lawsuit and it is now essential to combine these parties in said claim." *Id*. Although plaintiff asks for "joinder" under FRCP 20, it appears what he wants is to amend his complaint to add a defendant, a request that requires him to also satisfy FRCP 15.[1]

       There are a number of problems with Strong's request. First, the deadline for amending pleadings and adding parties passed nearly two years ago on July 17, 2013. *See* Doc. 16. Strong thus must to do more than simply demonstrate that he satisfies Rules 15 and 20 of the Federal Rules of Civil Procedure; he must also demonstrate good cause for extension of the deadlines in the scheduling order. The court takes no position on whether Strong may be able to make such a showing.

       Requests for leave to amend must also comply with Local Rule 15-1, which requires a

---

[1] *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980); 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 20, Permissive Joinder.

party seeking leave to add a party to attach a proposed amended complaint to the motion seeking leave to file the amended complaint. *See* L.R. 15-1(a). Strong did not attach a proposed amended complaint to his request.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for joinder **[Doc. 37] is DENIED.**

Dated this 8th day of May, 2015.

_____
Jennifer A. Dorsey
United States District Judge