UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Brett B. Strong,

    Plaintiff,

v.

Bank of New York Mellon, et al.,

    Defendants.

Case No.: 2:13-cv-656-JAD-GWF

**Order Granting Defendant's Motion to Dismiss [Doc. 33]**

Plaintiff Brett B. Strong originally sued defendants on, *inter alia*, an intentional misrepresentation theory, alleging that fraudulent statements were made to him in connection with his attempt to seek a loan modification for his home.[1] Defendants moved to dismiss his claims both because Strong failed to state a claim for which relief could be granted under Federal Rule of Civil Procedure 12(b)(6), and because he did not plead intentional misrepresentation with the particularity required by Rule 9(b).[2]

I granted defendants' motion on both grounds and noted that Strong failed to allege "who made the fraudulent statements, when the statements were made, or where they were made, and he fail[ed] to allege the specific content of the fraudulent statements."[3] I also concluded that, "on the basis of the factual allegations in the complaint, it d[id] not appear that [Strong] could have justifiably relied to his detriment on any alleged misrepresentations in the loan documents."[4] However, I gave Strong leave to amend his complaint to remedy these deficiencies, and he filed an amended complaint re-urging his intentional misrepresentation claim only.[5] Defendants move now to dismiss Strong's amended complaint under both Rules 9(b) and 12(b)(6).[6]

---

[1] *See* Doc. 1.

[2] Doc. 5.

[3] Doc. 22 at 5.

[4] *Id.* at 6.

[5] *Id.* at 8.

[6] Doc. 33.

## Discussion

In my prior order, the reasoning and conclusions of which I incorporate here by reference, I gave Strong a full and complete appraisal of the merits of his claims. Strong's amended complaint fails to remedy the deficiencies I previously outlined.

As explained last time, to state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance.[7] Strong appears to base his amended intentional-misrepresentation claim in part on the theory that certain legal professionals—"Fire Breach, LLP, Lauren Dettloff, Esq. and JT Law Group"—advised him to fall behind on his loan payments.[8] But Strong never alleges that these individuals and entities are affiliated with defendants in any way or that defendants exercised any control over them.[9] Put simply, Strong has not pled any facts to suggest he can blame defendants for these misrepresentations.

Strong's second set of allegations are better, but still miss the mark. He alleges that in "2012" defendants' "loan servicer" repeatedly rejected Strong's loan modification requests, told Strong "he would need to remove his property from his [family's] trust in order to receive any trial offer," but then after Strong did as instructed, he never received a "tangible offer."[10] While these allegations hint at an intentional-misrepresentation claim, they are still deficient under Rule 9(b) because they never adequately set out the "who, what, when, where, and how" required to satisfy that heightened pleading requirement. Strong never specifies which of his loan "servicers" made the statement, nor when in 2012 the statement was made, nor what "trial offer" the servicer put on the table in exchange for his agreement to take his property out of a family trust, nor how this "trial

---

[7] *See* Doc. 22 at 5; *see also Barmetter v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998); *Nanopierce Technologies, Inc. v. Depository Trust & Clearing Corp.*, 168 P.3d 73, 82 (Nev. 2007) ("[T]he essence of any misrepresentation claim is a false of misleading statement that harmed [the plainitff].").

[8] Doc. 32 at 2.

[9] *Id.*

[10] *Id.*

offer" was not "tangible." Although Strong's point that his loan servicer changed six times since 2009 is well taken, Strong apparently has direct knowledge of which servicer made the allegedly intentional misrepresentations, when they were made, and what offer was made. His failure to plead these facts with the particularity required by Rule 9(b) requires me to grant defendants' motion to dismiss.

Nevertheless, I acknowledge that Strong may be able to amend his complaint to present the missing facts and satisfy Rule 9(b), so I give Strong one more opportunity to demonstrate he can do so. Thus, although I dismiss his claims, I do not yet direct the clerk of court to close this case. If Strong believes he can satisfactorily allege the "who, what, when, where, and how" of his intentional misrepresentation claim, as required by Rule 9(b), he must file a motion for leave to amend by June 8, 2015. He is advised to consult this district's Local Rules, particularly Local Rule 15-1, which governs motions for leave to amend. Finally, I caution Strong that now having permitted him two opportunities to amend his complaint, I am disinclined to give him another chance if his new allegations still prove insufficient.

### Conclusion

Accordingly, it is **HEREBY ORDERED** that defendants' Motion to Dismiss **[Doc. 33] is GRANTED**. Plaintiff's amended complaint is **DISMISSED**.

It is FURTHER ORDERED that Strong has until June 8, 2015, to file a proper motion to amend his complaint to properly plead an intentional misrepresentation claim; if Strong fails to file a proper motion to amend by this deadline or fails to show that he can plead a plausible intentional-misrepresentation claim, this case will be dismissed with prejudice.

DATED: May 22, 2015.

_____
Jennifer A. Dorsey
United States District Judge

3