ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:　(702) 634-5000
Facsimile:　(702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for defendants The Bank of New York Mellon FKA The Bank of New York*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRETT B. STRONG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK<br><br>　　　　　　Defendants. | Case No.: 2:13-cv-00656-JAD-GWF<br><br>**ORDER GRANTING BANK OF NEW YORK MELLON'S MOTION TO EXPUNGE LIS PENDENS AND DENYING PLAINTIFF'S COUNTERMOTION TO CONTINUE**<br><br>ECF No. 47 |

Brett P. Strong (**Strong**) filed the underlying lawsuit in the Eighth Judicial District Court on February 22, 2013. *See* Case No. A-677162-C. In connection with this lawsuit, Strong recorded a lis pendens against the property located at **6507 Covinto Street, Las Vegas, NV 89131, APN. No. 125-23-813-002**, with the Clark County Recorder as instrument number **201309120000104**. The case was removed to this Court on April 22, 2013. On June 19, 2015, this Court dismissed the case with prejudice and entered Judgment in favor of the Bank of New York-Mellon (**BoNYM**). ECF. Nos. 40, 41. Strong did not appeal.

…

…

…

On June 19, 2017, BoNYM filed the instant motion to expunge the lis pendens because the litigation was dismissed with prejudice. On July 6, 2017, Plaintiff filed an opposition to the motion and a countermotion to continue the lis pendens. Plaintiff's opposition argues that the lis pendens should not be expunged because of BoNYM's delay in requesting the expungement, and because Plaintiff indicates that he has new claims that will be forthcoming that the lis pendens should attach to. This Court held a hearing on July 10, 2017 at 2:30 p.m. Jamie K. Combs, Esq. appeared on behalf of **BoNYM**. Plaintiff did not appear.

A lis pendens can only be supported by a foreclosure action, a claim that affects title to real property, or a claim that affects possession of real property. *See* NRS 14.010(1). The purpose of a lis pendens is to provide notice that there is pending litigation related to a property. *See* NRS 14.010(3). Because this case was dismissed with prejudice, there is no longer pending litigation related to the property for which a lis pendens is proper.

Accordingly, under NRS 14.015(5), this Court finds that Plaintiff has failed to establish the matters required to sustain a lis pendens pursuant to NRS 14.015(2) and (3). Plaintiff's argument regarding the delay in seeking the expungement of the lis pendens does not provide a legal basis to deny the motion, nor does Plaintiff's mention of potential new claims.

…

…

…

…

…

…

…

…

…

…

Accordingly, IT IS ORDERED that the notice of pendency is hereby CANCELLED. A cancellation has the same effect as an expungement of the original notice.

IT IS FURTHER ORDERED that Plaintiff's counter-motion to continue is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

7-26-17
_____
DATED

Respectfully Submitted By:

**AKERMAN LLP**

*/s/ Jamie K. Combs, Esq.*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for defendants The Bank of New York Mellon FKA The Bank of New York*